IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH PIETRAK, | No. 4:25-CV-01121 |
| Plaintiff, | |
| v. | (Chief Judge Brann) |
| TINA LITZ, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

AUGUST 28, 2025

Plaintiff Joseph Pietrak filed the instant *pro se* civil rights lawsuit under Section 1983,[1] claiming that prison officials at Lebanon County Correctional Facility violated his constitutional rights. Because Pietrak fails to state a claim for relief, the Court will dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1) but will grant him leave to amend.

**I.   BACKGROUND**

Pietrak is currently confined at Lebanon County Correctional Facility (LCCF).[2] He does not indicate whether he is a pretrial detainee or a convicted and sentenced prisoner.

---

[1]   42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   *See* Doc. 1 at 1.

Pietrak alleges that, beginning on April 20, 2025, his cellmate—Tyler Singer—began making unwanted sexual advances toward him.[3] Pietrak asserts that he explicitly rejected Singer's advances and told him he does not "roll that way."[4] He recounts that on April 22, he made a formal request to prison officials to be moved to a different cell, attempting to handle the process "the right way" and not "go to the SHU."[5]

The next day, April 23, Singer allegedly made additional sexual comments toward Pietrak and then grabbed Pietrak's genitals.[6] In response, Pietrak punched Singer three times and threw him on the bunk bed.[7] Pietrak claims that he was wrongly sent to the "hole" or SHU for 30 days for punching Singer when Singer sexually assaulted him first.[8] From the attached disciplinary records, it appears that Pietrak "pled guilty to the misconduct," arguing that he was assaulted first and stating to the Disciplinary Board that "if you're going to touch my d*ck you're going to walk away with a black eye."[9]

After attempting to pursue administrative remedies,[10] Pietrak filed the instant lawsuit. He sues Warden Tina Litz, Lebanon County Correctional Facility, and

---

[3]  *Id.* at 2-3; Doc. 1-1 at 4.
[4]  Doc. 1-1 at 4.
[5]  *Id.*
[6]  Doc. 1 at 2-3.
[7]  *Id.* at 3; Doc. 1-1 at 4.
[8]  Doc. 1 at 3.
[9]  Doc. 1-1 at 5.
[10] *See generally* Doc. 1-1.

inmate Tyler Singer.[11]  Pietrak does not identify what constitutional or federal right (or rights) he believes Defendants violated.  He seeks compensatory and punitive damages, as well as several forms of injunctive relief.[12]

Following review of the complaint, as required by 28 U.S.C. § 1915A(a), the Court finds that Pietrak has failed to state a claim upon which relief may be granted.

## II.  STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[13]  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[14]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[15]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to

---

[11] *See* Doc. 1 at 1, 2.
[12] *See id.* at 3.  For example, Pietrak requests that Singer "be held accountable for his action" and that LCCF staff "apologize" to him for "embarrassing" and "defaming" him.  *Id.*
[13] *See* 28 U.S.C. § 1915A(a).
[14] *Id.* § 1915A(b)(1).
[15] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

offer evidence to support the claims."[16] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[17] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[18]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[19] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[20] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[21] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[22]

---

[16] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[17] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[18] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[19] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[20] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[21] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[22] *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[23]

Because Pietrak proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[24] This is particularly true when the *pro se* litigant, like Pietrak, is incarcerated.[25]

## III. DISCUSSION

At the outset, the Court must attempt to identify the basis for Pietrak's Section 1983 lawsuit.[26] It is possible that Pietrak is asserting a Fourteenth Amendment procedural due process claim regarding his disciplinary sanction, as he appears to allege that his punishment of 30-days' disciplinary segregation was unfair. He also targets Singer in his lawsuit, yet he does not indicate how Singer infringed his *constitutional* rights by sexually assaulting him.

Upon review of Pietrak's complaint, it is clear that he fails to state a claim upon which relief may be granted. The Court will address his pleading deficiencies in turn.

---

[23] *Iqbal*, 556 U.S. at 681.
[24] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[25] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[26] *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed."); *Graham v. Connor*, 490 U.S. 386, 394 (1989) (explaining that analysis of a Section 1983 claim requires "identifying the specific constitutional right allegedly infringed by the challenged" conduct).

## A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[27] Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[28] Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[29] Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[30]

Pietrak sues Warden Tina Litz, the only prison official named. However, he has not identified how Litz was involved in any constitutional misconduct. It appears that Pietrak filed a grievance appeal to Litz,[31] yet mere involvement in the post-incident grievance process does not implicate Section 1983 liability.

---

[27] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
[28] *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).
[29] *Id.* (quoting *Rode*, 845 F.2d at 1207).
[30] *See id.* at 374 (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").
[31] *See* Doc. 1-1 at 4.

To plausibly plead a Section 1983 claim, Pietrak must specify each Defendant's personal involvement in the alleged constitutional misconduct. Accordingly, the Court must dismiss the Section 1983 claims against Litz pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

### B.     "Person" for Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[32]  Only "persons" are subject to suit under Section 1983, and entities such as prisons, medical departments, or private medical companies generally do not qualify as "persons" for purposes of Section 1983.[33]

Under this well-settled law, any Section 1983 claim against Lebanon County Correctional Facility must be dismissed, as LCCF is not a person subject to Section 1983 liability.  Moreover, Pietrak does not allege an unconstitutional policy or

---

[32] *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

[33] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *see also Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983).

custom by LCCF such that a Section 1983 suit could be maintained against it through its connection with the county government.[34]

### C.   State Action

Pietrak also sues inmate Tyler Singer.  However, Pietrak has not plausibly alleged that Singer was acting under color of state law when he sexually assaulted him such that he could be liable under 42 U.S.C. § 1983.  Only state actors are subject to Section 1983 liability.[35]  Pietrak has provided no plausible allegations as to why Singer—a county prisoner Pietrak accuses of perpetrating unlawful conduct—should be deemed a state actor under Section 1983.[36]  Consequently, any Section 1983 claim against Singer must be dismissed under Section 1915A(b)(1).

### D.   Fourteenth Amendment Procedural Due Process

To plausibly state a Section 1983 claim for infringement of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'"[37]  If a plaintiff cannot identify a protected interest that is "at stake," the analysis is at an end.[38]

---

[34] *See, e.g.*, *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).
[35] *See* 42 U.S.C. § 1983; *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).
[36] *See Kach*, 589 F.3d at 646.
[37] *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).
[38] *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Hill*, 455 F.3d at 234-35.

As best as the Court can discern, the gravamen of Pietrak's lawsuit is that he was wrongfully charged with a misconduct and given 30 days' disciplinary segregation for punching Singer, when Singer initiated the incident and was not punished. If Pietrak is asserting a procedural due process claim, his claim fails because he has not identified a protected liberty interest that is at stake.

The Supreme Court of the United States has held that disciplinary segregation alone—under conditions that mirror those "imposed upon inmates in administrative segregation and protective custody"—generally does not reflect an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" such that it implicates a protected liberty interest under the Fourteenth Amendment.[39] And the United States Court of Appeals for the Third Circuit has repeatedly held that disciplinary segregation for periods far longer than that which Pietrak experienced does not rise to the level of an atypical and significant hardship.[40] Therefore, because Pietrak has not identified a protected liberty interest that is at stake for his Fourteenth Amendment procedural due process claim, the analysis is at an end and this claim must be dismissed.

---

[39] *Sandin v. Conner*, 515 U.S. 472, 484, 486 (1995).
[40] *See Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (seven months); *Torres v. Fauver*, 292 F.3d 141, 151 (3d Cir. 2002) (135 days); *Griffin v. Vaughn*, 112 F.3d 703, 705-07 (3d Cir. 1997) (fifteen months); *Dunbar v. Barone*, 487 F. App'x 721, 725 (540 days).

### E. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[41] Pietrak will be granted leave to amend in the event that he can plead facts that would plausibly state a Section 1983 claim against a viable Defendant regarding the events alleged in his initial complaint. Any Section 1983 claim against Singer, however, will be dismissed with prejudice because Singer is not a state actor subject to Section 1983 liability.

If Pietrak chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth his claim (or claims) in short, concise, and plain statements, and in sequentially numbered paragraphs. Pietrak must attempt to identify the constitutional or federal right that he believes was violated. He must also name proper defendants and *specify* the offending actions taken by a particular defendant. This step is particularly critical for Pietrak, as his initial complaint is devoid of allegations that demonstrate each Defendant's personal involvement in the purportedly unconstitutional conduct. He must also sign the amended complaint and indicate the nature of the relief sought.

---

[41] *Grayson*, 293 F.3d at 114.

If Pietrak does not timely file an amended complaint, dismissal of his Section 1983 claims without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.

## IV.	CONCLUSION

Based on the foregoing, the Court will dismiss Pietrak's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted. Pietrak may file an amended complaint in accordance with this Memorandum. If no amended complaint is timely filed, dismissal without prejudice will automatically convert to dismissal with prejudice and the Court will close this case. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge