IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH PIETRAK, | No. 4:25-CV-01121 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| TINA LITZ, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

**OCTOBER 28, 2025**

In June 2025, plaintiff Joseph Pietrak filed the instant *pro se* civil rights lawsuit under Section 1983,[1] claiming that prison officials at Lebanon County Correctional Facility had violated his constitutional rights. The Court screened and dismissed his complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted but permitted leave to amend. Pietrak filed an amended complaint, but that pleading likewise fails to state a claim for relief, so the Court will dismiss this action with prejudice.

**I.   BACKGROUND**

Pietrak's amended complaint is extremely brief and lacks any substantial factual allegations. Accordingly, the Court will largely rely on his original

---

[1]   42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

complaint to provide a sufficient factual background for this Section 1915A(a) screening.

Pietrak is currently confined at Lebanon County Correctional Facility (LCCF).[2] In his amended complaint, he indicates that he is serving a 6-month to 1-year sentence and thus is a convicted and sentenced prisoner (rather than a pretrial detainee).[3]

Pietrak alleges that, beginning on April 20, 2025, his cellmate—Tyler Singer—began making unwanted sexual advances toward him.[4] Pietrak asserts that he explicitly rejected Singer's advances and told him he does not "roll that way."[5] He recounts that on April 22, he made a formal request to prison officials to be moved to a different cell, attempting to handle the process "the right way" and not "go to the SHU."[6]

The next day, April 23, Singer allegedly made additional sexual comments toward Pietrak and then grabbed Pietrak's genitals.[7] In response, Pietrak punched Singer three times and threw him on the bunk bed.[8] Pietrak claims that he was wrongly sent to the "hole" or SHU for 30 days for punching Singer when Singer

---

[2] *See* Doc. 1 at 1; Doc. 10 at 3.
[3] *See* Doc. 10 at 2.
[4] Doc. 1 at 2-3; Doc. 1-1 at 4.
[5] Doc. 1-1 at 4.
[6] *Id.*
[7] Doc. 1 at 2-3.
[8] *Id.* at 3; Doc. 1-1 at 4.

sexually assaulted him first.[9]  From the attached disciplinary records, it appears that Pietrak "pled guilty to the misconduct," arguing that he was assaulted first and stating to the Disciplinary Board that "if you're going to touch my d*ck you're going to walk away with a black eye."[10]

After attempting to pursue administrative remedies,[11] Pietrak filed the instant lawsuit.  His original complaint named as defendants Warden Tina Litz, Lebanon County Correctional Facility (LCCF), and inmate Tyler Singer.[12]  Pietrak did not identify what constitutional or federal right he believed Defendants had violated. He sought compensatory and punitive damages, as well as several forms of injunctive relief.[13]

After Pietrak properly moved for leave to proceed *in forma pauperis*, the Court screened his complaint as required by 28 U.S.C. § 1915A(a).[14]  The Court first attempted to identify the potential constitutional tort that Pietrak was attempting to assert, settling on a Fourteenth Amendment procedural due process claim related to his disciplinary proceedings following the fight with cellmate Singer.[15]

---

[9] Doc. 1 at 3.
[10] Doc. 1-1 at 5.
[11] *See generally* Doc. 1-1.
[12] *See* Doc. 1 at 1, 2.
[13] *See id.* at 3.  For example, Pietrak requests that Singer "be held accountable for his action" and that LCCF staff "apologize" to him for "embarrassing" and "defaming" him.  *Id.*
[14] *See generally* Docs. 8, 9.
[15] *See* Doc. 8 at 5.

Initially, the Court noted that any Section 1983 claim against Warden Litz had to be dismissed, as Pietrak had failed to allege personal involvement by Litz in any constitutional wrongdoing.[16] Next, the Court dismissed any Section 1983 claim against LCCF, as the jail was not a person for Section 1983 purposes and Pietrak had failed to allege any type of unconstitutional policy or custom that might implicate *Monell* liability for Lebanon County.[17] Next, the Court explained that because Singer was an inmate and not a state actor, there could be no Section 1983 claim brought against him for the alleged sexual assault.[18]

Finally, the Court addressed Pietrak's Fourteenth Amendment procedural due process claim. That claim had to be dismissed, the Court explained, because Pietrak's 30-day disciplinary segregation did not implicate a protected liberty interest under the Fourteenth Amendment.[19]

Pietrak was granted leave to amend and given explicit pleading instructions.[20] On September 12, 2025, he filed an amended complaint that essentially disregarded those instructions.[21] His amended complaint is one page in length, is not divided into separate paragraphs, and contains minimal factual allegations. He does not specifically name any Defendants, but appears to target

---

[16] *Id.* at 6-7.
[17] *Id.* at 7-8.
[18] *Id.* at 8.
[19] *Id.* at 8-9.
[20] *Id.* at 10.
[21] *See generally* Doc. 10.

Warden Tina Litz and Prime Care Medical.[22] Pietrak's amended complaint, like his initial pleading, fails to state a claim upon which relief may be granted and must be dismissed pursuant to Section 1915A(b)(1).

## II. STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[23] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[24] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[25]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[26] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[27] In addition to the facts alleged on the face of

---

[22] *See id.* at 1.
[23] *See* 28 U.S.C. § 1915A(a).
[24] *Id.* § 1915A(b)(1).
[25] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[26] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[27] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[28]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[29] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[30] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[31] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[32] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[33]

Because Pietrak proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less

---

[28] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[29] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[30] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[31] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[32] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[33] *Iqbal*, 556 U.S. at 681.

stringent standards than formal pleadings drafted by lawyers[.]"[34]  This is particularly true when the *pro se* litigant, like Pietrak, is incarcerated.[35]

### III. DISCUSSION

As with the initial complaint, the Court must attempt to identify the alleged constitutional violation or violations.[36]  Pietrak's amended complaint appears to assert Fourteenth Amendment claims sounding in equal protection and procedural due process.  He alleges, with very little factual detail, that Warden Litz and Prime Care Medical violated his equal protection and due process rights when they failed to investigate his claims of sexual assault by inmate Singer, who Pietrak claims has a well-known history of sexual misconduct at LCCF.[37]  Pietrak further asserts, in conclusory fashion, that Warden Litz and her staff "failed to allow [him] the same rights as the other inmates,"[38] although he does not identify what "rights" he was allegedly denied.

Upon review, it is clear that Pietrak's amended complaint fails to plausibly state either Fourteenth Amendment claim.  The Court will address his pleading deficiencies in turn.

---

[34] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[35] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[36] *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed."); *Graham v. Connor*, 490 U.S. 386, 394 (1989) (explaining that analysis of a Section 1983 claim requires "identifying the specific constitutional right allegedly infringed by the challenged" conduct).
[37] *See* Doc. 10 at 1.
[38] *Id.*

### A.   "Person" for Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[39]  Only "persons" are subject to suit under Section 1983, and entities such as prisons, medical departments, or private medical companies generally do not qualify as "persons" for purposes of Section 1983.[40]

Under this well-settled law, any Section 1983 claim against Prime Care Medical must be dismissed, as Prime Care is not a person subject to Section 1983 liability.  Moreover, Pietrak does not allege an unconstitutional policy or custom by Prime Care such that a Section 1983 suit could be maintained against it through its connection with the county government.[41]  Accordingly, if Pietrak intends to sue Prime Care Medical under Section 1983 in his amended complaint, those claims must be dismissed for failure to state a claim.

---

[39] *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

[40] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *see also Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983).

[41] *See, e.g.*, *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

## B.  Fourteenth Amendment Procedural Due Process

To plausibly state a Section 1983 claim for infringement of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'"[42]  If a plaintiff cannot identify a protected interest that is "at stake," the analysis is at an end.[43]

Pietrak again asserts a procedural due process claim.  This time, he alleges that his due process rights were violated because Warden Litz and Prime Care "refused to investigate" his claim of sexual assault.  This claim once again fails because Pietrak has not identified a protected interest that is at stake.  There is simply no due process "life, liberty, or property" interest involved with investigating, or failing to investigate, a sexual assault in prison.  While it is possible that Warden Litz's alleged failure to investigate the assault could constitute a violation of the Prison Rape Elimination Act of 2003 (PREA),[44] such a violation would not constitute a Fourteenth Amendment due process infringement.  Therefore, because Pietrak has not identified a protected interest that is at stake for

---

[42] *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).
[43] *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Hill*, 455 F.3d at 234-35.
[44] 34 U.S.C. § 30301 *et seq.*

9

his Fourteenth Amendment procedural due process claim, the analysis is at an end and this claim must again be dismissed.

### C.     Fourteenth Amendment Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."[45]  To state a Fourteenth Amendment equal protection claim, a prisoner must allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class[.]"[46]  An equal protection claim can also be asserted under a "class of one" theory, whereby a plaintiff alleges that a state actor intentionally treated him differently than others who are similarly situated "and there is no rational basis for the difference in treatment."[47]

Pietrak does not discuss membership in a protected class, and thus appears to be attempting to assert a "class of one" equal protection claim.  He alleges, in conclusory fashion, that Warden Litz and her staff "failed to allow [him] the same rights as other inmates."[48]  His claim, however, lacks plausible factual allegations regarding what "rights" he was denied and whether other inmates who received

---

[45]   U.S. CONST. amend. XIV, § 1.
[46]   *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 (3d Cir. 2016).
[47]   *Phillips*, 515 F.3d at 243 (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).
[48]   Doc. 10 at 1.

different treatment were similarly situated to him. Accordingly, Pietrak has not plausibly alleged a Fourteenth Amendment equal protection claim.

### D. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[49] Further leave to amend will be denied because Pietrak has failed to cure numerous deficiencies with his pleadings even after "amendments previously allowed."[50] Moreover, from both his complaint and amended complaint, it is clear that the incident underlying his lawsuit, while serious, does not implicate a Fourteenth Amendment violation.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Pietrak's amended complaint with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[49] *Grayson*, 293 F.3d at 114.
[50] *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").